**AMERICAN UNIVERSAL INSURANCE COMPANY, a Corporation, Plaintiff,**

v.

**HENNINGSON, DURHAM & RICHARDSON, a Corporation, Defendant.**

**Civ. No. 68-20W.**

United States District Court,
D. South Dakota,
Western Division.

Jan. 8, 1970.

Whiting, Lynn, Freiberg & Shultz, Rapid City, S. D., for plaintiff.

Woods, Fuller, Shultz & Smith, Sioux Falls, S. D., for defendant.

## DECISION

BECK, District Judge.

This is a case arising out of payment by the plaintiff to the Big Rock Mountain Corporation of the sum of $27,216.67, being damages sustained by Big Rock when its aerial tramway gondola in the course of testing operations under the supervision of the defendant fell on May 10, 1963.

Background material and some history, material and relevant to this suit is in the Big Rock Mountain Corporation v. Stearns-Roger Corporation, 388 F.2d 165 (8 Cir. 1968), where the court in its opinion among others made the following observation:

"Where aluminum stem supporting a gondola-type passenger 'bus' on a novel, experimental aerial tramway in South Dakota broke during 'load test' by reason of allegedly defective weld, the only equitable and proper measure of damages to buyer of stem was cost of restoration plus loss of use.",

and with the amount of damages not being controverted and that sum having been paid by the plaintiff, it is only for the court to determine whether or not the charge of negligence on the part of the defendant has been sustained.

The facts on that aspect are not in dispute, except as to the possibility of the superstructure above the gondola falling even if the shoring under it had been built up to within two inches of its floor.

With that assumption it is ingeniously submitted by counsel for the defendant that the superstructure would nevertheless have fallen, with some resulting damage to the gondola, but only to its roof, countered however by the testimony of Professor Stensaas for the plaintiff, which to the court is most persuasive and in conjunction with other established facts in the case on this point, are sufficient as the court finds to show this contention by the defendant not to have been sustained.

Left then, as the only remaining issue in the case, is the question whether or not the defendant in its undertaking for testing of the weight bearing capacity of the stem part of the gondola, took the usual and required precautions against damage to the equipment.

The facts in this area of the case are not in dispute. With the shoring up under the gondola to four or five feet of its floor, it is obvious that the defendant permitted itself to assume that which was to be established in the course of the test. It knew or should have known that a fall of the equipment for that distance would cause the damage which was done. Assumptions or reliance on reputations of manufacturers were not in order. On the contrary, the testimony on this point shows that testers are to be "pessimistic" and "conservative", at least, and that no risks are to be taken in the absence of absolute certainty as to the strength of the material

used. That being so, it had no choice here, as it prepared for the test but to assure itself on such certainty and in case of failure to make preparations which would prevent damage.

The test could have been made and no damage would have been caused if the shoring had been built up to within two inches of the floor of the gondola. The defendant, as engineers knew or should have known that this was the procedure they should have followed. Failure in this respect, which is undisputed, constituted negligence, which as the court finds amounted to the proximate cause.

This decision is intended as the court's findings of fact and conclusions of law herein.

Accordingly, let judgment with interest from the date of entry thereof forthwith be entered for the plaintiff in the sum of $27,216.67.